THE PEOPLE OF THE STATE OF NEW YORK ex rel.
ROBERT C. BANCROFT, Respondent, *v.* THE BOARD
OF SUPERVISORS OF THE COUNTY OF ORANGE,
Appellant.

*Charter of Newburgh*— § 9, *title* 4, *chap.* 541 *of* 1865 — *to what fees applicable*— *Conveyance of prisoners to the penitentiary and to the house of refuge, a county charge.*

Section 9 of title 4 of chapter 541 of 1865, the charter of the city of Newburgh, providing that "the marshal shall possess the powers and authority of a constable at common law," and that "he shall also perform such duties as shall be pre-

scribed by the common council," and further, that " he shall receive no fee for any services, but shall be allowed a compensation to be fixed by the council," only prevents his receiving fees for services which are a charge against the city, and not for those which are county charges.

Under chapter 108 of 1876 and chapter 254 of 1859 the expenses and fees of constables for conveying prisoners to the Albany Penitentiary and juvenile delinquents to the House of Refuge are county charges.

APPEAL from an order made at Special Term, awarding a peremptory writ of *mandamus*, requiring the appellants to pay certain claims of the relator.

The controversy arose principally in respect to the proper construction of section 9, title 4 of chapter 541 of the Laws of 1865, which reads as follows : " The marshal shall possess the power and authority of a constable at common law, and under the statutes of the State, except that he shall not have power to serve any civil process issued by any justice of the peace. He shall also perform such duties as shall be prescribed by the common council for the preservation of the public peace, the care of the public property, and the maintenance of the police regulations and the municipal ordinances of said city. He shall receive no fee for any services, but shall be allowed a compensation to be fixed by the council."

*Geo. W. Greene*, for the appellant.

*M. H. Hirschberg*, for the respondent.

GILBERT, J. :

The relator was marshal of the city of Newburgh and *ex officio* police constable of that city in the years 1877 and 1878. The important question presented is, whether he is entitled to be paid for conveying prisoners to the Albany penitentiary, and juvenile delinquents to the house of refuge, and whether compensation for such services is a county charge.

With respect to the first question I am of opinion that a proper construction of section 9, title 4 of the charter of the city of Newburgh (chap. 541 of 1865) requires that the clause which disentitles the marshal to a fee for any services must be limited to fees for services which otherwise would have become a charge against the

city.    That section requires him to perform such duties as shall be prescribed by the common council, in respect to several matters specified, and then follows the provision that he shall receive no fee for any services, but shall receive a compensation to be fixed by the council.    Obviously the Legislature intended to prescribe what services he should perform as a city officer, and to provide a fixed compensation, instead of fees, therefor.    Nothing more ; for the charter vests him with the powers of a police constable.    He is, therefore, to perform other services which, by express provisions of law, are made chargeable against the county, and for which specific compensation has been provided.    By no rule of construction can the charter be regarded as a repeal of those provisions.

As to the second question, it seems to me that the services in question are a county charge.    In the enumeration of county charges in the Revised Statutes is the compensation of constables and other officers, for the expenses and services in conveying prisoners to jails.    (1 R. S. [6th ed.], 927, § 3; 3 id., 1048, § 3; 1054, § 29.)    If the claim of the relator had been for conveying prisoners to jail, therefore, there could have been no question that a valid claim for such services would constitute a county charge.    It was the duty of the relator, however, to convey them directly to the penitentiary, and for those services he is entitled, by express provision of law, to be paid such fees and expenses as the board of supervisors shall prescribe and allow.    (Laws 1876, chap. 108.)    The respondents fixed such compensation by resolution, passed December 17, 1877, and the claim of the relator seems to be in accordance therewith.

It is contended that by chapter 123, Laws 1849, the expense of conveying prisoners to the house of refuge is a State charge. That act is, by its terms, limited to the compensations of sheriffs. When the conviction is by a court of Special Sessions, and the sentence of the court is carried into effect by a marshal or constable, it would seem that statute does not apply.    By chapter 254 of the Laws of 1859, express authority was conferred upon boards of supervisors, and it was made their duty annually to fix and determine the compensation to be allowed and paid to officers, for the conveyance of juvenile delinquents to the houses of refuge.

The respondents having performed the duty so enjoined upon them, I think the relator, by a fair construction of the act of 1859, taken in connection with the provisions of the Revised Statutes cited, is entitled to compensation for the services performed by him. Any other construction would leave him without any compensation therefor. Indeed it would require no great stretch of words to hold that a house of refuge is a jail, within the intent of the Revised Statutes. Each is a place of confinement of persons held in custody, and compensation, I think, was intended to be given for conveying to such a place prisoners, pursuant to convictions for criminal offences by courts of Special Sessions. The relator is one of the officers designated by statute to execute the judgment of such courts. (3 R. S. [6th ed.], 1011, § 43.)

The order and judgment should be affirmed, with costs and disbursements.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Order granting mandamus affirmed, with costs and disbursements.